### JACOB DEUYER v. CHRISTIAN H. SHONERT, TREASURER.

POWER OF TOWNSHIP TRUSTEES.

> Under a petition to clean out a ditch, trustees have no power to make an order for a new ditch, or to deepen one already constructed, and a party assessed is not estopped to object after work is done.

ERROR to the Court of Common Pleas of Crawford county.

Plaintiff, on the 11th day of July, 1879, brought suit against C. H. Shonert, as treasurer of Crawford county, Ohio, to enjoin the collection of $96.50, the costs and expenses of surveying and constructing a township ditch, which stood as a tax charged against his land on the treasurer's duplicate, to be collected like other taxes, and which, he alleged, was there without authority of law.

The ditch proceedings were conducted under the laws in force January 26th, 1875. Vol. 72, O. L., 20, 21. Sayler's Statutes, 3379.

The petition alleges that the plaintiff's legitimate tax on his land was $31.17, which the treasurer refused to take unless he paid the ditch tax, and the $31.17 was brought into court by plaintiff as a tender.

The petition further alleges that Jacob Kinsey, who is made a party defendant, on the 14th day of April, 1877, filed with the township trustees a petition representing that the ditch in question, which had previously been established and constructed, was obstructed at a point above plaintiff's land, and needed cleaning out, and requested the trustees to have the same done according to law; that acting on said petition alone, the trustees, on the 5th day of November, 1877, ordered the said ditch to be made deeper and wider than the original ditch, to the extent that its capacity would be more than double; and that a new survey and specifications were made by an engineer, and recorded, to deepen and widen the ditch accordingly.

The petition also made the allegation that plaintiff's grantor had, shortly before his purchase, and a short time before Kinsey's petition been notified by the township trustees to clean out said ditch so far as it ran on plaintiff's land; that in obedience to said notice, he had cleaned it out to its original capacity, and that at the time of the order made by the trustees under Kinsey's petition, the ditch was clean and open to its original capacity; that plaintiff's land was high and dry, needing no drainage, and that the enlargement of the ditch was no benefit to him, or his land; but, on the contrary, had taken a valuable portion of his land, and otherwise damaged him, for which no provisions had or could be made under said proceedings for his compensation or damages, and that he had received no notice of any movement or order to deepen or widen said ditch. The trustees were also made parties defendant. A general demurrer was interposed to the petition by the treasurer and trustees.

The court of common pleas, at its November term, 1882, sustained the demurrer, dissolved the temporary injunction which had been allowed, and dismissed plaintiff's petition; plaintiff excepted and the case comes into this court by petition in error.

S. R. Harris, for plaintiff, contended that the petition of Kinsey made no complaint of any obstruction in the ditch on plaintiff's premises; that under said petition the jurisdiction of the trustees was limited to the removal of obstructions in the ditch, and that their order to deepen and widen the same was void for want of jurisdiction. That the proceeding was governed by the law of January 26, 1874, 72 O. L., 20, 21, then in force, which related exclusively to cleaning out the ditch "to its original capacity;" that 30 days' notice was required to land owners, giving a "verbatim copy" of the "depth, width and flare" of the old ditch, as shown by the record, so that each person might know the original capacity of the ditch and clean it out accordingly. He contended, also, that the curative statute of 1874, Dec. 29, 71 O. L., 135; Sayler's Statutes, page 3316, reenacted and modified by Revised Statutes, § 4559–60, by its express terms referred to injunctions against the collection of taxes for the "location and construction" of ditches; but does not mention unauthorized taxes for the cleaning out of ditches already located or constructed; nor especially did it apply to a case like this, where plaintiff had no opportunity to apply for damages or compensation for the appropriation of his land.

As was said by the court in Teegarden v. Davis, 36 O. S., 604: "To compel plaintiff to pay for an improvement on his land, taken without authority of law, and without an opportunity of asserting his right to compensation, would not be in the interest of justice."

Finley & Eaton, for demurrants, cited 15 O. S., 64.

BEER, J.

The allegations of the petition show that the tax in question was assessed against plaintiff, and certified to the treasurer by the township trustees, and entered on the tax duplicate under an order of the trustees, founded on the petition of Jacob Kinsey to clean out a ditch, a portion of which ran through plaintiff's premises; that the ditch so far as it ran on plaintiff's premises had recently been cleaned out by plaintiff's grantor, and was, at the time the tax was levied and certified, open to its original capacity, and free of obstructions.

It is claimed by counsel for defendant, that plaintiff's objection to the tax comes too late after the work has been done, and cites Kellogg v. Ely, 15 O. S., 64.

In the opinion of the court that decision does not reach this case.

Under a petition to clean out a ditch, the trustees had no power to make an order for a new ditch, or to deepen and widen one already constructed.

The court below, therefore, erred in sustaining the demurrer.

Judgment reversed and cause remanded.

MOORE and SENEY, JJ., concur.